[No. 9876.  Department One.  December 2, 1911.]

THE STATE OF WASHINGTON, *Respondent*, v. FRANK ROSS,
                        *Appellant*.[1]

ELECTIONS — OFFENSES — FALSE REGISTRATION — STATUTES — CON-
STRUCTION. A voter is not guilty of false registration in incorrectly
stating his place of residence, when he did not register in the wrong
precinct, under Rem. & Bal. Code, § 4768, defining false registration
as the taking of a false oath, falsely personating another and pro-
curing registration of the person as personated, misrepresenting his
name or causing any name to be registered "otherwise than in the
manner provided by the act;" in view of the fact that the matter of
residence is not included in the oath nor among the acts specifically
enumerated as constituting the criminal offense (GOSE, ELLIS, and
MORRIS, JJ., dissenting).

Appeal from a judgment of the superior court for King
county, Main, J., entered April 29, 1911, upon a trial and
conviction of false registration.  Reversed.

*Gill, Hoyt & Frye*, for appellant.

*John F. Murphy* and *George H. Rummens*, for respondent.

PARKER, J.—The defendant has appealed to this court
from his conviction in the superior court for King county
upon an information charging as follows:

"He, said Frank Ross, in the county of King, state of
Washington, on the 26th day of January, 1911, did wil-
fully, unlawfully and feloniously place or cause his name to
be placed upon the registry list, for qualified voters at any
election to be held during the year A. D. 1911, of the first
precinct of the first ward of the city of Seattle, said county
and state, otherwise than in the manner provided by law,
to wit:

"That on said date the said Frank Ross appeared in person
before Albert Linstrom, then and there a duly and regularly
qualified and sworn deputy clerk of the city of Seattle, King
county, state of Washington, and applied to be registered

[1]Reported in 119 Pac. 20.

as a voter in said city, county and state, and gave his name, and number of place of residence as Western Hotel, N. E. Cor. First avenue south and Washington street, in said city of Seattle, when in truth and in fact the said Western Hotel, N. E. Cor. First avenue south and Washington street, the place of residence so given by him, was not then and there the place of residence of the said Frank Ross."

Reversal of the judgment of conviction is sought upon the grounds, among others, that the trial court erred in overruling appellant's demurrer to the information and his motion for arrest of judgment, for the reason that the information does not charge facts constituting a crime.

It is at once apparent that the only fact charged by this information and relied upon by the prosecuting attorney to rest appellant's conviction upon, is that he gave as the place of his residence the Western Hotel, which was not then his place of residence. There is nothing in this information even inferentially indicating that appellant was not lawfully entitled to vote in the precinct for which he registered. The provisions of our statute which it is claimed by the prosecuting attorney, make the mere giving of a wrong place of residence for registration a crime, are found in Rem. & Bal. Code, § 4775 as follows:

"If any person shall falsely swear, or affirm, in taking the oath or making the affirmation prescribed in section 4768, or shall falsely personate another, and procure the person so personated to be registered, or if any person shall represent his name to the city or town clerk, or officer of registration, to be different from what it actually is, and cause such name to be registered, or if any person shall cause any name to be placed upon the registry list otherwise than in the manner provided in this act, he shall be deemed guilty of a felony, and upon conviction be punished by confinement and hard labor in the penitentiary not more than five years nor less than one year."

Let us notice these several acts with a view to determining whether or not the act charged against appellant is among

them.   It is plain that appellant is not charged with falsely swearing to any of the facts embodied in the oath prescribed by § 4768, for that oath is silent as to place of residence of the voter, except as to it being in the state, county and precinct for certain periods.   It is plain that appellant is not charged with impersonating another and procuring such person to be registered.   It is plain that appellant is not charged with representing his name to be different from what it actually is.

We have, then, to consider only the last clause of that portion of the section mentioning the acts which are punishable thereunder; to wit, "If any person shall cause any name to be placed upon the registry list otherwise than in the manner provided by this act."   This is the crime which the prosecuting attorney contends was committed by appellant, when he gave his place of residence.   We are not able to agree with this contention.   We do not think that merely alleging that appellant gave his place of residence different from what it was in fact, without any allegation that his residence was not in the precinct for which he registered, charges him with the crime mentioned in this last quoted clause.   This is not one of the facts embodied in the oath prescribed by law which the person registering must take. It seems to us that, if the legislature had intended to visit this severe penalty upon one who merely gave an untruthful statement as to his exact place of residence, there would have been much clearer language so indicating than we find here. The fact that the statement of the voter's residence in the prescribed oath descends, in its details, only to the precinct, together with the fact that these other acts declared to be criminal are specifically enumerated in § 4775, leads us to conclude that the act charged against appellant is not a crime under that section.   As said in *State ex rel. Coon v. Hay*, 51 Wash. 576, 99 Pac. 748, "The penalty for vio-

lating this statute is severe.   It should not attach unless the meaning of the language is plain and the violation clear."

The judgment is reversed.

Mount and Fullerton, JJ., concur.


## On Rehearing.

### [*En Banc.*   March 26, 1912.]

Per Curiam.—Argument upon petition for rehearing of this case was heard by the court *en banc* on February 27, 1912.   A majority of the court are of the opinion that the cause was properly disposed of by the decision of Department One, rendered December 2, 1911.   We therefore adhere to the views expressed in that decision, and reverse the judgment of the trial court.

Gose, J. (dissenting)—I think the information charges a crime.   While the information is predicated upon the provisions of the code, Rem. & Bal. Code, § 4775, this section must be read in connection with sections 4767, 4768, in order to get a correct understanding of the case.   Section 4767 provides:

"The poll-books shall be so arranged as to admit the alphabetical classification of the names of the voters, and ruled in parallel columns, with appropriate heads as follows:   Date of registration; names; age; occupation; place of residence; . . .   Under the head of place of residence shall be noted the number of lot and block or number and street where the applicant resides or some other definite description sufficient to locate the residence; and the voter so registered . . shall sign his name in each of the duplicate poll-books on the registry opposite the entries above required, in the column headed 'Signature,' . . ."

Section 4768 provides:

"No person shall be registered unless he appears in person before the city or town clerk or officer of registration, at his

office during office hours, and apply to be registered and give his name, age, occupation, number of place or residence; . ."

The applicable part of § 4775 is as follows:

"If any person shall falsely swear, or affirm, in taking the oath or making the affirmation prescribed in section 4768, or shall falsely personate another, and procure the person so personated to be registered, or if any person shall represent his name to the city or town clerk, or officer of registration to be different from what it actually is, and cause such name to be registered, or if any person shall cause any name to be placed upon the registry list otherwise than in the manner provided in this act, he shall be deemed guilty of a felony. . ."

The information charges that the appellant appeared before the deputy clerk of the city of Seattle in King county, Washington, and applied to be registered as a voter in such city, and gave his place of residence as Western Hotel, in the city of Seattle, when in truth and in fact that was not his place of residence. This was in direct contravention of the statute. Under the provisions of § 4768, he could not be registered without applying to the clerk and giving his place of residence. Section 4767 makes specific provision for recording the place of residence of each voter in the poll books provided for that purpose. Rem. & Bal. Code, § 4766, provides that the registration books shall be closed in all general, special, and municipal elections for the purpose of organization, twenty days preceding any election to be held in the city, town, or precinct. Rem. & Bal. Code, § 4786, provides that each of the recognized political parties may have one challenger at the polls of each voting precinct.

The purpose of the several provisions of the statute is to protect the integrity of the ballot. The statute has no other purpose. This clearly appears from the data required of each voter applying to register. It is further disclosed in that it requires poll books to be closed twenty days before the election. If the applicant gives honest information, the poll books furnish exact data for identifying him and ascertain-

ing whether he is a qualified voter. The quoted part of § 4775 makes it criminal for "any person" to falsely swear in taking the prescribed oath, or to falsely personate another. It also makes it a crime for "any person" to falsely represent his name and cause such name to be registered. It likewise makes it a crime if "any person" shall cause "any name" to be placed on the registry list, "otherwise than in the manner prescribed *in this act*." It becomes pertinent, therefore, to turn to other parts of the act to find the "manner prescribed" for securing registration. This is answered by § 4768, which directs that no person shall be registered until he appears before the proper officer and gives his place of residence. This information is then noted upon the poll book, which the voter is required to sign. A reading of these several sections together makes clear the purpose and intent of the law. It seems clear to my mind that, if we will only accept the law as the law-making branch of the government has declared it to be, there is no difficulty in reaching the conclusion that the information charges a crime.

The majority opinion says that there is nothing in the information "even inferentially indicating that the appellant was not lawfully entitled to vote in the precinct for which he is registered." It further states that it is plain that the appellant is not charged "with falsely swearing," and that it is plain that he is not charged with "impersonating" another and procuring such person to be registered. These suggestions seem to me wholly inapposite. The information does charge that the appellant caused his name to be placed upon the registry by giving a false residence. The majority opinion leads to the absurd result that the voter who refuses to give his place of residence cannot either register or vote, while the voter who gives a false residence may both register and vote without incurring guilt. I cannot free my mind from the conviction that the court has not only misinter-

preted both the letter and the spirit of the statute, but that it has rendered a part of the statute entirely nugatory. I therefore dissent.

ELLIS and MORRIS, JJ., concur with GOSE, J.