[No. 10032. *En Banc.* March 26, 1912.]

THE STATE OF WASHINGTON, *Respondent,* v. A. E. COHEN, *Appellant.*[1]

ELECTIONS—OFFENSES — FALSE REGISTRATION — STATUTES — CONSTRUCTION. One who procures a voter to register and incorrectly state his place of residence, is not guilty of false registration, when the voter did not register in the wrong precinct, under Rem. & Bal. Code, § 4768, defining false registration as the taking of a false oath, falsely personating another and procuring registration of the person as personated, misrepresenting his name or causing any name to be registered "otherwise than in the manner provided by the act;" in view of the fact that the matter of residence is not included in the oath nor among the acts specifically enumerated as constituting the criminal offense (CHADWICK, GOSE, ELLIS, and MORRIS, JJ., dissenting).

Appeal from a judgment of the superior court for King county, Gay, J., entered June 24, 1911, upon a trial and conviction of false registration. Reversed.

The defendant was tried and convicted upon an informa-

[1]Reported in 122 Pac. 9.

tion charging that he unlawfully counseled, encouraged, hired, induced, and procured one Adolph Schmelzer to cause his name to be placed upon the registry list of qualified voters otherwise than in the manner provided by law, viz., by stating his place of residence as 721 Sixth avenue, in Seattle, when in fact such number was not the number of his place of residence, etc.

*Gill, Hoyt & Frye*, for appellant.

*John F. Murphy* and *George H. Rummens*, for respondent.

PER CURIAM.—The proper disposition of this cause is governed by the decision rendered by department one on December 2, 1911, in the case of *State v. Ross*, 66 Wash. 138, 119 Pac. 20, which decision was affirmed by the court *en banc* upon petition for rehearing, this day. *Id.*, p. 141, 122 Pac. 8. The questions determinative of this case being the same as in that, the judgment of the trial court is reversed for the reasons there stated.

CHADWICK, J. (dissenting)—In my judgment this case is not controlled by the *Ross* case. I concurred there because the right of the defendant to vote was unquestioned, and to hold him guilty of a felony for giving a wrong place of residence where the intent of the law is doubtful would do violence to the spirit of the registration act. But it seems to me that the defendant in this case could not be excused under that rule. Defendant solicited a person to register, induced him to lodge at a hotel over night, and to put his name on the hotel register, asserting his residence to be his temporary lodging place. Defendant brought such person to the registration officer with intent that he should register under a false place of residence. The facts bring defendant within the last of the declaratory clauses of § 4775, "or if any person shall cause any name to be placed upon the registry list otherwise than in the manner provided in this act he shall be guilty," etc. The first clauses of § 4775 apply to the

person who registers; the last to third persons who cause or induce a false registration. A reading of the statute will confirm this construction: "If any person shall falsely swear," etc., "or shall falsely personate another," "or if any person shall represent his name .. . . to be different," etc.; while the last clause is "if any person shall cause any name," etc., clearly indicating that the name of another is intended. This is the penal section of the registration act, and it will be seen the defendant may be guilty although Ross may be innocent. The form of oath as found in § 4768 indicates, also, that a party who gives the wrong age or place of residence may not be guilty under the registration law. The law nowhere requires the true residence to be stated under penalty, unless it be indirectly, as Judge Gose undertakes to show in his dissenting opinion in the *Ross* case. A party, therefore, who registers twice, once from one place and once from another, would, if he voted twice, be guilty under § 4958, Rem. & Bal. Code; while one who caused him to so act, and he alone, would be guilty under § 4775. One object of the law was to prevent the colonization of voters. There can be no doubt of the purpose of the defendant in this case to defraud the law in this respect, and I believe the conviction should stand.

GOSE, J. (dissenting)—I concur in the result reached by Judge Chadwick in his dissenting opinion, but dissent from his rule of exclusion. I have stated my view in *State v. Ross, supra*. I will only add that I think the statute which makes it penal for "any person" to cause "any name" to be placed on the registry list "otherwise than in the manner prescribed in this act" means exactly what it says.

ELLIS and MORRIS, JJ., concur with GOSE, J.